UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X

**10  C V   813 -**

COMMUNITY HEALTH CENTER OF BUFFALO, INC., SANDRA DIPASQUALE, KATHLEEN DUKE, ARDELL DOLSON, MICHAEL IKPEZE, ALBERT RICHARDSON, SUSAN SCHUETTE, AND JAMES COUSINS,
462 Grider Street
Buffalo, New York 14215

Civil Action No.: ____

**NOTICE OF REMOVAL**

Plaintiffs,

- against -

RSUI INDEMNITY COMPANY,
945 East Paces Ferry Road
Suite 1800
Atlanta, Georgia 30326-1125



Defendant.

-------------------------------------------------------------------- X

**PLEASE TAKE NOTICE** that Defendant RSUI Indemnity Company, by and through its attorneys Kaufman Borgeest & Ryan LLP, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 hereby submits the following grounds in support of its Notice of Removal:

1.     On September 2, 2010, Plaintiffs initiated a civil action entitled *Community Health Center of Buffalo, Inc., Sandra Dipasquale, Kathleen Duke, Ardell Dolson, Michael Ikpeze, Albert Richardson, Susan Schuette, and James Cousins v. RSUI Indemnity Company*: Case No. 2010009533 in the Supreme Court of the State of New York for the County of Erie (the "New York State Court Action").   A true and correct copy of the Summons and Complaint is annexed hereto as Exhibit "A."

2.      Defendant RSUI Indemnity Company received a copy of the New York State Court Action on September 22, 2010.

3.      This action is properly removable to this Court pursuant to 28 U.S.C. § 1332, 1441 and 1446, because it is an action between citizens of different states, and the amount in controversy exceeds the sum of $75,000, exclusive of interests and costs.

4.      With respect to diversity of citizenship, the New York State Court Action alleges that the Community Health Center of Buffalo, Inc. has its offices in New York and that the individual plaintiffs "all reside in New York." See, Ex. "A" Complaint ¶¶ 1-2. RSUI Indemnity Company is organized under the laws of New Hampshire with its principal place of business in Georgia. See, Ex. "A" Complaint ¶ 3.

5.      Plaintiffs' New York State Court Action satisfies the amount in controversy requirement. Plaintiffs seek insurance coverage under RSUI Policy Number NHP616364 (for the Policy Period of July 21, 2004 – July 21, 2006[1]) and/or RSUI Policy Number NHP629890 (for the Policy Period of July 21, 2008 – July 21, 2010[2]) (jointly referred to as "the Policies"), in connection with the April 6, 2005 lawsuit captioned *United States of America, ex rel., Renee Ifrah v. Community Health Center of Buffalo, Inc., Sandra Dipasquale, James Cook, Kathleen*

---

[1] Policy Number NHP616364 was originally issued for the Policy Period of July 21, 2004 – July 21, 2005. Plaintiffs renewed their coverage for a second year under the same Policy Number, hereinafter referred to as the 2004-2006 Policy Period.

[2] Policy Number NHP629890 was originally issued for the Policy Period of July 21, 2008 – July 21, 2009. Plaintiffs renewed their coverage for a second year under the same Policy Number, hereinafter referred to as the 2008-2010 Policy Period.

*Duke, Ardell Dolson, Michael Ikpeze, Barbara Majeroni, Susan Schuette, Patricia Smith, Albert Richardson, and James Cousins,* filed in the United States District Court for the Western District of New York ("the Underlying Complaint"). True and correct copies of the Policies are annexed hereto as Exhibit "B." A true and correct copy of the Underlying Complaint is annexed hereto as Exhibit "C."

6.      The Policies each contain an aggregate Limit of Liability of $5,000,000 subject to a $10,000 per Claim Retention. See Ex. "B." Plaintiffs seek indemnity coverage and coverage for defense costs incurred in connection with the Underlying Complaint under the Policies. See Ex. "C," Complaint ¶ 34.

7.      The Underlying Complaint alleges that Plaintiffs violated the False Claims Act, and constructively terminated an employee in retaliation for concerns she raised about the alleged violations of the False Claims Act. See Ex. "C," Complaint ¶ 47. The Underlying Complaint seeks damages for past and future lost wages, past and future mental anguish and emotional injury, attorney's fees, litigation expenses, double back pay, punitive damages, and prejudgment interest. See Ex. "C," Complaint ¶ 47.

8.      In light of the foregoing, this action is removable pursuant to 28 U.S.C. § 1332 because Plaintiff and Defendant are domiciled in different states, and the amount in controversy exceeds $75,000.

9.    This Court is the District Court of the United States for the district and division embracing the place where this action is currently pending, as required by 28 U.S.C. § 1441(a).

10.   This Notice is timely filed because it was made within 30 days after RSUI Indemnity Company received notice of the New York State Court Action that sets forth a removable Claim, from which it could first be ascertained that this action is removable. 28 U.S.C. § 1446(b).

11.   Written notice of the filing of this Notice of Removal has been served upon Plaintiff and a copy has been filed with the Clerk of the Supreme Court State of New York for the County of Erie.

WHEREFORE, RSUI Indemnity Company respectfully requests that this Action, now pending in the Supreme Court of the State New York for the County of Erie, be removed to this United States District Court for the Western District of New York.

Dated: October 8, 2010
      New York, New York

Respectfully submitted,

KAUFMAN BORGEEST & RYAN LLP

Joan M. Gilbride
*Attorneys for Defendant*
120 Broadway, 14th Floor
New York, New York 10271
Telephone: (212) 980-9600

TO:    Judith Treger Shelton, Esq.
Jesse J. Cooke, Esq.
KENNEY SHELTON LIPTAK NOWAK LLP
*Attorneys for Plaintiff*
14 Lafayette Square
510 Rand Building
Buffalo, New York 14203
Telephone (716) 853-3801

### INDEX OF DOCUMENTS AND
### STATE COURT FILING DATES

1.    Exhibit "A" is a true and correct copy of the Summons and Complaint captioned *Community Health Center of Buffalo, Inc., Sandra Dipasquale, Kathleen Duke, Ardell Dolson, Michale Ikpeze, Albert Richardson, Susan Schuette, and James Counsins v. RSUI Indemnity Company,* which was filed with the Clerk of the New York State Supreme Court for the County of Erie on September 2, 2010.



STATE OF NEW YORK
SUPREME COURT : COUNTY OF ERIE
====================================================================

COMMUNITY HEALTH CENTER OF BUFFALO, INC.,          **SUMMONS**
SANDRA DIPASQUALE, KATHLEEN DUKE, ARDELL
DOLSON, MICHAEL IKPEZE, ALBERT RICHARDSON,          Index No.:
SUSAN SCHUETTE, and JAMES COUSINS,
462 Grider Street
Buffalo, New York 14215

                             Plaintiffs,

v.

RSUI INDEMNITY COMPANY,
945 East Paces Ferry Road                          FILED
Suite 1800                                         09/02/2010/ 15:29:28
Atlanta, GA 30326-1125                             ERIE COUNTY CLERK
                                                   RCPT # 944595
                                                   I 2010009533

                             Defendants.

====================================================================

To the above-named Defendants:

      YOU ARE HEREBY SUMMONED to answer the Complaint in this action and to serve a

copy of your Answer, or, if the Complaint is not served with a Summons, to serve a Notice of

Appearance, on the Plaintiffs' attorneys within twenty (20) days after the service of this Summons,

exclusive of the day of service, or within thirty (30) days after the service is complete if this

Summons is not personally delivered to you within the State of New York. In case of your failure to

appear or answer, judgment will be taken against you by default for the relief demanded in the

Complaint. Erie County is designated as the place of trial. The basis of the venue is the residence of

plaintiffs.

Dated:   September 1, 2010
         Buffalo, New York

KENNEY SHELTON LIPTAK NOWAK LLP

Judith Treger Shelton, Esq.
Jesse J. Cooke, Esq.

14 Lafayette Square
510 Rand Building
Buffalo, New York 14203
Tel.: (716) 853-3801
Fax: (716) 853-0265

*Attorneys for plaintiffs*
*Community Health Center of Buffalo, Inc.,*
*Sandra DiPasquale, Kathleen Duke, Ardell Dolson,*
*Michael Ikpeze, Albert Richardson, Susan Schuette,*
*and James Cousins*

STATE OF NEW YORK
SUPREME COURT : COUNTY OF ERIE

COMMUNITY HEALTH CENTER OF BUFFALO, INC.,
SANDRA DiPASQUALE, KATHLEEN DUKE, ARDELL               **COMPLAINT**
DOLSON, MICHAEL IKPEZE, ALBERT RICHARDSON,
SUSAN SCHUETTE, and JAMES COUSINS,                     Index No.:

                        Plaintiffs,

v.

RSUI INDEMNITY COMPANY,

                        Defendants.

Plaintiffs Community Health Center of Buffalo, Inc., Sandra DiPasquale, Kathleen Duke,

Ardell Dolson, Michael Ikpeze, Albert Richardson, Susan Schuette, and James Cousins (collectively

"Community Health"), by and through their attorneys, Kenney Shelton Liptak Nowak LLP, for their

Complaint against defendant RSUI Indemnity Company ("RSUI"), alleges as follows:

### Parties

1.    Plaintiff Community Health Center of Buffalo, Inc. is a domestic not-for-profit

corporation with offices in Buffalo, New York.

2.    Plaintiffs Sandra DiPasquale, Kathleen Duke, Ardell Dolson, Michael Ikpeze, Albert

Richardson, Susan Schuette, and James Cousins are past and present officers and/or directors of

Community Health Center of Buffalo, Inc. all residing in the State of New York.

3.    Upon information and belief, RSUI is an insurance corporation duly organized and

existing under the laws of New Hampshire, with a principal place of business in Atlanta, Georgia.

### Jurisdiction and Venue

4.      Jurisdiction is proper under CPLR § 301 because RSUI engages in business in and is therefore present in the State of New York.

5.      Jurisdiction is proper under CPLR § 302 because RSUI transacts business in the State of New York and Community Health's causes of action arise from acts enumerated in CPLR § 302.

6.      Venue is appropriate in New York State Supreme Court for the County of Erie under Article 5 of the CPLR based upon Community Health's residence in Erie County.

### The RSUI Policies Issued to Community Health

7.      RSUI issued to Community Health a Directors & Officers Liability Policy for claims made during the policy period effective from July 21, 2004 to July 21, 2006 (Policy No. NHP616364) (the "2004-2006 policy").

8.      RSUI issued to Community Health a Directors and Officers Liability Policy for claims made during the policy period from July 21, 2008 to July 21, 2010 (Policy No. HP629890) (the "2008-2010 policy").

9.      The 2008-2010 policy's insuring agreement provides in pertinent part:

Insurer agrees …

C.      With the **Insured Organization** that if a **Claim** for a **Wrongful Act** is first made against the **Insured Organization** during the **Policy Period**, or any subsequent renewal of this policy or during any applicable extension period and reported in accordance with SECTION V. — CONDITIONS, C. Notice of Claim or Circumstance of this policy, the **Insurer** will pay of behalf of the **Insured Organization** all **Loss** the **Insured Organization** is legally obligated to pay.

10.    The 2008-2010 policy contains the following definitions:

    B.    **Claim**, either in the singular or the plural, means:

        1.    A written demand for monetary relief;

        2.    A civil, criminal, administrative, regulatory or arbitration proceeding for monetary relief which is commenced by:

            a.    Service of a complaint or similar pleading;

            b.    Return of an indictment (in case of criminal proceeding; or

            c.    Receipt of a notice of charges;

        3.    An administrative or regulatory investigation when conducted by the Equal Employment Opportunity Commission ("EEOC") or similar state, local or foreign agency, which is commenced by the filing of a notice of charges, service of a complaint or similar document of EEOC Charge also meets the definition of Claim under the Policy.

                  .   .   .

    G.    Insured means any **Insured Organization** and/or any **Insured Person**.

    H.    **Insured Organization** means the organization named in Item 1 of the Declarations Page 4 and any **Subsidiary** existing prior to or at the inception date of this policy and listed on the **Application** attached. In addition, subject to SECTION V. –

CONDITIONS, I. Merger, Consolidation or Acquisition of this policy, **Insured Organization** shall mean any **Subsidiary** created after the inception date of this policy.

. . .

O.   **Wrongful Act** means:

1.   With respect to an **Insured Person**, any **Employment Practices Wrongful Act** or **Personal Injury Wrongful Act** or any actual or alleged act, error, omission, misstatement, neglect or breach of duty while acting in his or her capacity and on behalf of the **Insured Organization**; or

2.   With respect to the **Insured Organization**, any **Employment Practices Wrongful Act** or **Personal Injury Wrongful Act** or any actual or alleged act, error, omission, misstatement, neglect or breath of duty while acting in his or her capacity and acting in his or her capacity and on behalf of the **Insured Organization**;

11.   Section V. Conditions of the 2008-2010 policy provides:

3.   All claims based on, arising out of, directly or indirectly resulting from, in consequence of, or in any way involving the same or related facts, circumstances, situations, transactions or events, or the same or related series of facts, circumstances, situations, transactions or events, shall be deemed to be a single **Claim** for all purposes under this policy, shall be subject to the Retention stated in Item 4. of the Declarations Page, and shall be

deemed first made when the earliest of
such **Claims** is first made, regardless
of whether such date is before or
during the **Policy Period.**

### The Human Rights Action

12.     On or about May 11, 2005, Renee Ifrah ("Ifrah") filed a verified complaint pursuant to

Executive Law, Article 15 against Community Health in a lawsuit styled <u>Renee Ifrah v. Community</u>

<u>Health Center of Buffalo, Inc.</u> (State Division of Human Rights Case No. 10105630) (the "human

rights action")

13.     The human rights action alleged violations of the New York State Human Rights

Law, the Civil Rights Act of 1964, and The Americans With Disabilities Act.

14.     Community Health funded its own defense throughout the human rights action.

15.     In May 2009, final disposition of the human rights action was reached when the

Commissioner of the New York State Division of Human Rights adopted A Recommended Findings

of Fact, Opinion, Decision and Order.

16.     RSUI disclaimed any obligation under the 2004-2006 policy to defend or indemnify

Community Health in connection with the human rights action on the basis of Community Health's

untimely notice of suit.

### The Federal False Claims Action

17.     In January 2010, Ifrah filed a complaint against Community Health and its officers in

a lawsuit styled <u>U.S.A. ex rel., Renee Ifrah v. Community Health Center of Buffalo, Inc.</u> (U.S.

District Court, W.D.N.Y., Civil Action No.: 1:05-CV-237) (the "Federal False Claims action").

18.     The Federal False Claims action alleges violations of the Federal False Claims Act

and retaliation by Community Health against Ifrah in connection with alleged violations of the Federal False Claims Act.

19.     The Federal False Claims action and the human rights action are wholly separate and distinct lawsuits alleging entirely unrelated causes of action.

### RSUI's Disclaimer

20.     On January 11, 2010, Community Health timely tendered the 2010 False Claims Act Complaint to RSUI, and requested that RSUI provide it with a defense and indemnification.

21.     The 2008-2010 policy was in effect at the time Community Health was served with the summons and complaint in the Federal False Claims action in January 2010.

22.     The 2008-2010 policy was in effect at the time Community Health reported the Federal False Claims action to RSUI on January 11, 2010.

23.     On January 28, 2010, RSUI improperly disclaimed coverage relating to the 2010 Federal False Claims Act.

24.     RSUI disclaimed coverage on the sole basis that Community Health allegedly breached its duty to timely notify RSUI of the Federal False Claims Act.

25.     RSUI's January 28, 2010 disclaimer asserts that the allegations in the Federal False Claims action and the allegations in the human rights action are interrelated and must be considered a single claim, and that Community Health was required give notice of the 2010 Federal False Claims Act action in or about 2005.

26.     The sole basis for RSUI's January 28, 2010 disclaimer is Community Health's alleged late notice, and absent the notice issue, the claim would be covered.

27.     By letter dated March 3, 2010, Community Health requested that RSUI reconsider its

improper denial of coverage with respect to the 2010 Federal False Claims action.

28.    By letter dated May 10, 2010, RSUI reiterated its position that it owed no obligation to Community Health on the sole basis of Community Health's alleged late notice.

29.    Community Health has no adequate remedy at law.

### FIRST CAUSE OF ACTION

30.    Community Health re-alleges and incorporates paragraphs 1 through 29 as if fully set forth.

31.    At all times relevant, Community Health complied with all 2008-2010 policy terms and conditions, including those relating to timely notice of claim.

32.    RSUI has improperly failed and refused to provide coverage to Community Health in connection with the Federal False Claims action.

33.    RSUI's refusal to defend and indemnify Community Health in connection with the Federal False Claims action is a material breach of the 2008-2010 policy.

34.    Community Health is entitled to a declaration that RSUI must defend and indemnify it in connection with the Federal False Claims action under the 2008-2010 policy.

### SECOND CAUSE OF ACTION

35.    Community Health re-alleges and incorporates paragraphs 1 through 34 as if fully set forth.

36.    RSUI's failure and refusal to provide coverage in connection with the Federal False Claims action has placed Community Health in a defensive position with respect to its own insurer, necessitating the filing of this declaratory judgment action.

37.    As a result, Community Health is entitled to judgment against RSUI for all costs and

attorneys' fees expended in seeking coverage from RSUI, including those costs incurred in connection with this suit.

**WHEREFORE**, Community Health demands an Order be entered:

1.    declaring that RSUI is obligated under the 2008-2010 policy to provide a defense to Community Health in the Federal False Claims action;

2.    awarding judgment in favor of Community Health against RSUI for all costs and attorneys' fees incurred by Community Health in connection with the Federal False Claims action prior to issuance of the declaration;

3.    declaring that RSUI is obligated under the 2008-2010 policy to indemnify Community Health for any judgment awarded against Community Health in the Federal False Claims action up to the limits of the 2008-2010 policy;

4.    awarding judgment in favor of Community Health against RSUI for all costs and attorneys' fees incurred in connection with seeking insurance coverage from RSUI; and

5.    granting such further relief as may be just, equitable and proper, including the costs and disbursements of this action.

Dated:    September 1, 2010
          Buffalo, New York


                                  KENNEY SHELTON LIPTAK NOWAK LLP



                                  Judith Treger Shelton, Esq.
                                  Jesse J. Cooke, Esq.

                                  14 Lafayette Square
                                  510 Rand Building
                                  Buffalo, New York 14203
                                  Tel.: (716) 853-3801
                                  Fax: (716) 853-0265

                                  *Attorneys for plaintiffs*
                                  *Community Health Center of Buffalo, Inc.,*
                                  *Sandra DiPasquale, Kathleen Duke, Ardell Dolson,*
                                  *Michael Ikpeze, Albert Richardson, Susan Schuette,*
                                  *and James Cousins*