UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

COMMUNITY HEALTH CENTER OF BUFFALO,
INC., SANDRA DIPASQUALE, KATHLEEN
DUKE, ARDELL DOLSON, MICHAEL IKPEZE,
ALBERT RICHARDSON, SUSAN SCHUETTE,
and JAMES COUSINS,

                                Plaintiffs,
      v.                                              **DECISION AND ORDER**
                                                                  10-CV-813S

RSUI INDEMNITY COMPANY,

                                Defendant.
_____

**I.  INTRODUCTION**

Plaintiffs commenced this action seeking, among other things, a declaration that Defendant is obligated to provide indemnity and defense coverage to Plaintiffs pursuant to a Directors and Officers Liability Policy issued by Defendant to Plaintiff Community Health Center of Buffalo, Inc. ("CHCB"). Pending before this Court is Defendant's Motion for Judgment on the Pleadings pursuant to Rule 12 (c).  For the reasons that follow, this Court finds the matter fully briefed and oral argument unnecessary, and concludes that Defendant's motion should be denied.

**II.  BACKGROUND**

Defendant issued Directors & Officers Liability Policies to CHCB covering claims made during the policy periods of July 21, 2004 to July 21, 2006, and July 21, 2008 to July 21, 2010.  (Complaint ¶¶ 7-8).  The policies provide that Defendant will pay all loss CHCB is legally obligated to pay if a claim for a "[w]rongful [a]ct is first made against [CHCB] during the Policy Period." (Complaint, Docket No. 1 at 10-18, ¶ 9; 2008-2010 Policy,

Docket No. 17-6, § ¶ I.C).  A claim within the meaning of the policies includes, among other things, a civil claim for monetary relief as well as an administrative investigation conducted by the Equal Employment Opportunity Commission ("EEOC") or similar state agency. (Complaint ¶ 10; 2008-2010 Policy § III.B).  The 2008-2010 Policy further provides that:

> All claims based on, arising out of, directly or indirectly resulting from, in consequence of, or in any way involving the same or related facts, circumstances, situations, transactions or events, or the same or related series of facts, circumstances, situations, transactions or events, shall be deemed to be a single **Claim** for all purposes under this policy, shall be subject to the Retention stated in Item 4, of the Declarations Page, and shall be deemed first made when the earliest of such Claims is first made, regardless of whether such date is before or during the Policy Period.

(Complaint ¶ 11; 2008-2010 Policy § V.B.3).  Similarly, specifically excluded from coverage is any claim:

> Alleging, arising out of, based upon or attributable to, directly or indirectly, the same or essentially the same facts underlying or alleged in any matter which, prior to the inception date of this policy, has been the subject of notice to any insurer of a Claim, or a potential or threatened Claim, or an occurrence or circumstance that might give rise to a Claim under any policy of which this insurance is a renewal or replacement or which it may succeed in time.

(2008-2010 Policy § IV.8).

In May 2005, former CHCB employee Renee Ifrah filed a verified complaint with the New York State Division of Human Rights ("NYSDHR"), in which she alleged that CHCB violated New York State Human Rights Law, the Civil Rights Act of 1964, and the Americans with Disabilities Act. (Complaint ¶¶ 12-13; NYSDHR Complaint, Docket No. 17-3).  Ifrah alleged that CHCB impermissibly discriminated against her on the basis of weight, as evidence by derogatory comments made to her by her supervisor, Plaintiff Sandra DiPasquale.  (NYSDHR Complaint ¶¶ 3-5).  Ifrah further alleged that a March 24, 2005

berating email from DiPasquale was "an effort to force [her] to quit," one so upsetting that Ifrah sought medical attention for stress. (Id. at ¶ 5). The final disposition of the NYSDHR awarded Ifrah $50,000 in damages in May 2009. (Complaint ¶ 15; NYSDHR Notice and Final Order, Docket No. 20-4 at 2-3). CHCB did not inform Defendant of the NYSDHR Complaint until June 2009, after the award notification. (Docket Nos. 17-7, 17-8 (correspondence)). As a result, Defendant disclaimed coverage for defense and indemnification for this claim on the ground of untimely notice. (Docket Nos. 17-8, 17-9 (correspondence)).

Ifrah also filed a complaint in this Court, initially under seal, against CHCB and its officers, Plaintiffs DiPasquale, Duke, Dolson, Ikpeze, Schutte, Richardson, and Cousins, which was served on Plaintiffs in January 2010. (Complaint ¶ 17; Docket No. 17-4). In this complaint ("FCA Complaint"), Ifrah alleged that CHCB violated the Federal False Claims Act and impermissibly took retaliatory action against Ifrah. (Complaint ¶¶ 17-19; FCA Complaint ¶ 1). Specifically, Ifrah alleged that CHCB and its officers intentionally made false statements in a grant application in order to obtain federal funding. (FCA Complaint ¶¶ 1, 19-29; see 31 U.S.C. §§ 3729; 3730 (b)(1)(a private person may bring a civil action for a false claim for payment from the United States Government on behalf of that person and the Government)). Ifrah further alleged that, as a result of her voicing concerns regarding CHCB's failure to improve access for uninsured and underinsured Buffalo residents, she was subject to retaliatory events, including the creation of a harassing work environment that required Ifrah to request medical leave on March 24, 2005, following which Plaintiff DiPasquale initiated a job search to replace Ifrah. (FCA Complaint ¶¶ 45-47).

CHCB gave notice to Defendant of the FCA Complaint on January 11, 2010, and requested defense and indemnification pursuant to the 2008-2010 Policy. (Complaint ¶¶ 20-22; Docket No. 17-9). Defendant disclaimed coverage, asserting that the allegations in Ifrah's FCA Complaint were interrelated with the prior NYSDHR Human Rights action, and therefore constituted a single claim under the 2008-2010 Policy. (Complaint ¶ 25; Docket No. 17-9 (disclaimer letter)). Because timely notice had not been tendered for the commencement of the NYSDHR action in 2005, there was no coverage for the subsequent related FCA Complaint. (Complaint ¶ 26; Docket No. 17-9). Defendant also specifically reserved in its disclaimer letter any and all rights under the policy to deny coverage on additional or alternative bases. (Docket No. 17-9).

Plaintiffs commenced the instant action in October 2010 by filing a Summons and Complaint in the Supreme Court for the State of New York, Erie County. (Complaint, Docket No. 1). Plaintiffs seek a declaration that Defendant must defend and indemnify it and its officers in connection with the separate FCA Complaint, as well as costs and attorneys' fees for the present action. (Complaint ¶¶ 35-37). Defendant removed the matter to this Court, asserting federal jurisdiction existed on diversity grounds. (Notice of Removal, Docket No. 1, ¶ 3). Defendant now moves for judgment on the pleadings pursuant to Rule 12(c).[1]

---

[1] In support of its Motion for Judgment on the Pleadings (Docket No. 15), Defendant submitted a supporting Memorandum of Law (Docket No. 16) and the Declaration of Joan M. Gilbride, Esq., with Exhibits A - I (Docket No. 17). Plaintiffs responded by submitting the opposing Affidavit of Jesse J. Cooke, Esq., with Exhibits 1-12 (Docket No. 20) and an opposing Memorandum of Law (Docket No. 21). Defendant filed a Reply Memorandum of Law (Docket No. 22).

## III.  DISCUSSION

In determining whether judgment on the pleadings pursuant to Rule 12(c) is warranted, courts employ the same standard applicable to a Rule 12(b)(6) motion to dismiss for failure to state a claim.  L-7 Designs, Inc. v. Old Navy, LLC, 647 F.3d 419, 429 (2d Cir. 2011); Johnson v. Rowley, 569 F.3d 40, 43 (2d Cir. 2009).  Thus, all factual allegations in the Complaint will be accepted as true and all reasonable inferences will be made in Plaintiffs' favor.  L-7 Designs, Inc., 647 F.3d at 429; Johnson, 569 F.3d at 43.  In order to survive a Rule 12(c) motion, Plaintiffs' Complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its fact.' " Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009), quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); Johnson, 569 F.3d at 44.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft, 129 S.Ct. At 1949.  For purposes of a motion to dismiss, a complaint includes "any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference . . . and documents that the plaintiffs either possessed or knew about and upon which they relied in bringing the suit." Rothman v. Gregor, 220 F.3d 81, 88 (2d Cir. 2000); Ackoff-Ortega v. Windswept Pacific Entm't Co. (Inc.), 130 F.Supp.2d 440, 444 -445 (S.D.N.Y. 2000), affd 46 Fed. Appx. 663 (2d Cir. 2002).

Under New York law, which the parties do not dispute applies here,[2] "an insurance contract is interpreted to give effect to the intent of the parties as expressed in the clear language of the contract." Village of Sylvan Beach, N.Y. v. Travelers Indem. Co., 55 F.3d 114, 115 (2d Cir. 1995). "As with the construction of contracts generally, 'unambiguous provisions of an insurance contract must be given their plain and ordinary meaning, and the interpretation of such provisions is a question of law for the court.' " Vigilant Ins. Co. v. Bear Stearns Cos., Inc., 10 N.Y.3d 170, 177 (N.Y. 2008), quoting White v. Continental Cas. Co., 9 N.Y.3d 264, 267 (N.Y. 2007). Policy exclusions expressed in specific and clear language are enforced as written, Village of Sylvan Beach, N.Y., 55 F.3d at 115, and are not to be extended by interpretation or implication. Bentoria Holdings, Inc. v. Travelers Indem. Co., 84 A.D.3d 1135, 1136 (N.Y. App. Div. 2d Dept. 2011). "[I]f the policy language is ambiguous, particularly the language of an exclusion provision, the ambiguity must be interpreted in favor of the insured." Village of Sylvan Beach, N.Y., 55 F.3d at 115.

Here, Defendant argues that coverage for the FCA Complaint is excluded because it is based on the exact same event underlying the NYSDHR Complaint, specifically CHCB's alleged retaliation, harassment, and constructive discharge of Ifrah. Def's Mem. of Law, Docket No. 16, at 13-14). As defined by the 2008-2010 Policy:

> All claims based on, arising out of, directly or indirectly resulting from, in consequence of, or in any way involving the same or related facts, circumstances, situations, transactions or events, or the same or related series of facts, circumstances, situations, transactions or events, shall be deemed to be a single **Claim** for all purposes under this policy, . . . and shall be deemed first made when the earliest of such Claims is first made,

---

[2]In the absence of a contractual obligation of the parties to the contrary, the substantive law of the forum state is applied in diversity cases. General Star Nat. Ins. Co. v. Universal Fabricators, Inc., 585 F.3d 662, 669 (2d Cir. 2009).

regardless of whether such date is before or during the Policy Period. Complaint ¶ 11; 2008-2010 Policy § V.B.3. Based on this provision, Defendant argues that the 2005 NYSDHR Complaint and the present FCA Complaint constitute a single claim as defined in the 2008-2010 Policy. As such, coverage is excluded because Plaintiff failed to provide timely notice at the outset of the NYSDHR proceedings in 2005. Def's Mem. of Law at 13-16. Plaintiffs respond that the scope of the "same or related facts" provision is so elastic that judgment on the pleadings would be premature prior to the completion of discovery.[3] Pl's Mem. of Law in Opp'n, Docket No. 21, at 13-14. Plaintiffs further argue that the instant Complaint provides sufficient factually disparate allegations related to each of the two underlying actions to survive a motion for judgment on the pleadings. Pl's Mem. of Law in Opp'n at 9-13, 14-18.

As Plaintiffs note, certain courts have found the use of "the terms 'same,' 'essentially the same,' and 'related'" to be " 'so elastic, so lacking in concrete content, that they import into the contract . . . substantial ambiguities' " which are more appropriately resolved on a motion for summary judgment than a motion to dismiss. David v. American Home Assur. Co., No. 95 Civ. 10290, 1997 WL 160367, *3 (S.D.N.Y. 1997), quoting McCuen v. American Cas. Co., 946 F.2d 1401, 1407-1408 (8th Cir. 1991). Here, however, even considering the complaints in the two underlying actions in a light most favorable to Plaintiffs, as this Court must, L-7 Designs, Inc., 647 F.3d at 429, the harassment/retaliation claims asserted therein by Ifrah are almost identical. In the 2005 NYSDHR Complaint, Ifrah alleged that she was subjected to harassment due to her weight, particularly by way

---

[3]Discovery was stayed pending the outcome of this motion. Docket No. 26.

of impermissible comments from Plaintiff DiPasquale, which was so severe that it caused Ifrah to seek medical attention for stress in March 2005. NYSDHR Complaint, Docket Nos. 17-3 & 20-3,¶¶ 2-5. In her retaliation claim in the FCA Complaint, Ifrah supplied Plaintiffs with a different motivation, but nonetheless similarly alleged that Plaintiff DiPasquale created a harassing environment that caused Plaintiff to seek medical attention in March 2005 and ultimately take medical leave from her employment. FCA Complaint, Docket Nos. 17-4 & 20-5, ¶¶ 31-32. It is therefore clear from the pleadings that these causes of action, although asserted in separate complaints, "involv[e] the same or related facts, circumstances, situations, transactions or events," and constitute a single claim within the plain language of the 2008-2010 Policy. Complaint ¶ 11; 2008-2010 Policy § V.B.3.

Nonetheless, there is no such factual nexus between the two False Claims Act causes of action asserted in the FCA Complaint and the 2005 NYSDHR harassment complaint. Although Ifrah commenced the FCA action against Plaintiffs, these qui tam causes of action are brought "in the name of the Government." 31 U.S.C. § 3730 (b)(1). It is the Government, not Ifrah, that has the primary responsibility of prosecuting these causes of action unless and until the Government chooses not to intervene. See 31 U.S.C. § 3730 (c)(1), (3); see generally United States v. The Baylor Univ. Med. Ctr., 468 F.3d 263, 265 (2d Cir. 2006). As alleged in the FCA Complaint, Plaintiffs made false statements in a grant applications regarding staff salaries and staffing numbers in order to avoid scrutiny of CHCB's low access numbers. FCA Complaint, Docket No. 17-4, ¶¶ 23-24. This complaint therefore contains causes of action on behalf of the Government based on Plaintiffs knowingly making a false claim for payment, and knowingly using a false record or statement in support of that claim. 31 U.S.C. § 3729 (a)(1), (2). Such causes of action

do not arise out of, directly or indirectly result from, "or in any way involve the same or related facts, circumstances, situations, transactions or events" as those alleged in Ifrah's prior NYSDHR complaint. 2008-2010 Policy, § V.B.3.

Thus, the FCA Complaint contains one cause of action that falls within a policy exclusion, the retaliation claim, and two causes of action that do not fall within the policy exclusion currently being considered by this Court.[4] Under New York law, the duty of an insurer to defend an insured is broader than, and not contingent upon, a duty to indemnify. See Seaboard Sur. Co. v. Gillette Co., 64 N.Y.2d 304, 310 (N.Y. 1984); Ruder & Finn Inc. v. Seaboard Sur. Co., 52 N.Y.2d 663, 669 (N.Y. 1981).

> To be relieved of its duty to defend on the basis of a policy exclusion, the insurer bears the heavy burden of demonstrating that the allegations of the complaint cast the pleadings wholly within that exclusion, that the exclusion is subject to no other reasonable interpretation, and that there is no possible factual or legal basis upon which the insurer may eventually be held obligated to indemnify the insured under any policy provision.

Frontier Insulation Contrs., Inc. v. Merchants Mut. Ins. Co., 91 N.Y.2d 169, 175 (N.Y. 1997). If, however, "*any* of the claims against the insured arguably arise from covered events, the insurer is required to defend the *entire action*." Frontier Insulation Conts., Inc., 91 N.Y.2d at 175 (emphasis added). Defendant therefore has a duty to defend the entire action, even if it is not obligated to indemnify Plaintiffs should Ifrah prevail on the retaliatory termination claim. Id.

Defendant argues that considering the FCA causes of action and the retaliation cause of action as separate claims runs afoul of the definition of 'claim' in the 2008-2010

---

[4] In both its disclaimer letter and in its arguments, Defendant has continued to reserve its right to deny coverage on additional or alternative basis. Docket No. 17-9; Def's Mem. of Law at 16 n 4.

Policy. Def's Mem of Law at 16. Defendant highlights the provision of this Policy that defines 'claim' as a "civil, criminal, administrative, regulatory or arbitration for monetary or non-monetary relief." 2008-2010 Policy § III.B.2; Def's Mem of Law at 16. Notably, this section also recognizes "written demand[s] for monetary or non-monetary relief" and "administrative or regulatory investigation[s]" by the EEOC or similar state agency as 'claims.' 2008-2010 Policy, § III.B. It therefore appears from the Policy's plain language that this provision merely provides a threshold requirement that must be met before Defendant's duty to defend and indemnify is implicated. There is not, however, any specific and clear language excluding causes of action that would otherwise be covered under the Policy based on the mere fact that they appear in the same complaint as a cause of action for which coverage is excluded. This Court declines to interpret this section expansively to exclude from coverage such factually and legally distinct causes of action. See Village of Sylvan Beach, N.Y., 55 F.3d at 115; Bentoria Holdings, Inc., 84 A.D.3d at 1136. To the extent, if any, this policy definition is ambiguous, such ambiguity must be construed against Defendant. Village of Sylvan Beach, N.Y., 55 F.3d at 115. Defendant has therefore failed to meet its burden of establishing that the " 'allegations of the complaint case that pleading solely and entirely within the policy exclusions, and, further, that the allegations, *in toto*, are subject to no other interpretation.' " Technicon Elecs. Corp. v. American Home Assur. Co., 74 N.Y.2d 66, 73-74 (N.Y. 1989), quoting Inter'l Paper Co. v. Continental Cas. Co., 35 N.Y.2d 322, 325 (N.Y. 1974).

## IV. CONCLUSION

Defendant failed to establish, based on the pleadings and the documents referenced therein, that defense and indemnification coverage for the FCA Complaint

against Plaintiffs is excluded pursuant to the terms of the 2008-2010 Policy issued by Defendant to Plaintiffs.  Defendant's Motion for Judgment on the Pleadings is therefore denied.

## V.  ORDERS

IT IS HEREBY ORDERED that Defendant's Motion for Judgment on the Pleadings pursuant to Fed. R. Civ. P. 12(c) (Docket No. 15) is DENIED.

SO ORDERED.

Dated:  March 4, 2012
       Buffalo, New York

<u>/s/William M. Skretny</u>
WILLIAM M. SKRETNY
Chief Judge
United States District Judge